Turley J.
delivered the opinion of the court.
The first question for the consideration of the court is, does the fieri facias of Thomas P. Shelton, relate to the date of its test, so as to create a lien on all of the per* personal property of the defendant., Mason Upshaw from that time, into whose hands soever it may come, and render it liable for the satisfaction of the debt. That a fieri facias binds ¿personal property from its test, has been so often holden in Ihis State, that the question is no longer debateable. In the ••case of Preston vs. Surgoine, Peck’s R. 72, it was held, that a fieri facias sued out after the death of the defendant, on a judgment rendered before his death, binds the goods of the deceased from its test, provided it be of a term preceding his death, and will warrant a seizure and sale thereof by the sheriff.
In the case of Johnson vs. Ball, 1 Yer. R. 291, it was held, that where writs of fieri facias were issued from different courts, bearing test from the terms at which the judgments were rendered, the fieri facias on the oldest judgment was entitled to the first satisfaction. In the case of Battle vs Berating, 7 Yer. R. 529, it was held, that a judgment and execution at law binds the personal property of the debtor, from the rendition of the judgment, when the execution relates thereto, against the debtor and a purchaser from him, though he purchased before execution issued and levied. It is unnecessary to enter into the reasoning upon which these authorities are based, inasmuch as in. the cases referred to, the question is most fully and ably discussed, and to which this court can add nothing.
But it is contended, that in all these cases, the executions *444 bore test from the term at which the judgment was rendered, and that granting that in such casesa it would be a lien from its-test, yet in this case, the execution was tested of a term sub-gequent tjjat at wipch the judgment was rendered, and ought therefore only be a lien from the date at which it was actually issued by the clerk; and in support of this position, it is argued, that in England, executions are always awarded by the court, and that in term time, and that previous to the statute of 29, Charles II., they created liens upon personal property from the time they were so awarded; that in this State they are not so awarded, and that although the judgment may be such an award from the term at which it was rendered as to an execution issued therefrom, and returnable to the next term, as to relate to its test, yet it is not so as to an execution issued from any subsequent term, and that there being no special award therefor by the court, the clerk must be considered as having awarded it, and it .only creates a lien on personal property from the date of te issuance.
This argument is ingenious, but we cannot assent to its' truth. To award an execution is a judicial act and not a ministerial one; no such power is giyento the clerk by law. ⅞ England, when he issues the execution, it is by order of the court; here it is by virtue of the judgment, which it is determined in tire case before referred to of Johnson vs. Ball and others, awards the execution. The judgment then in this State, does what the court did in England. There, if an execution was returned not satisfied, the court would award another, this being a judicial act done in open court relates to the first day of the term, and therefore the execution issued in pursuance thereof, would before the passage of 29 th Charles II., have created a lien upon personal property, from the first day of the term. Plere, if an execution is returned not satisfied, the judgment awards an alias, which bears test from the first day of the term, and is a lien from that time on personal property. Arid so is the decision of the court in the case of Johnson vs. Ball and others, though it may perhaps on this point be considered as extra judicial. The execution of Thomas P. Shelton then, was a lien upon all the personal *445 prop or iy of Mason Upshaw, from the date of its test, which was the first Monday in August 1834.
This brings us to the second question. Does this lien operate so as to destroy any right or title acquired by the plaintiff as trustee for Frederick and Phillip Schelter, by virtue of the deed of trust?
The execution in favor of F. and P. Schelter bears test of a term older than that of Thomas P. Shelton, and therefore created a superior lien, in addition to which it had been actually levied on the property in dispute, and had they permitted it to have been executed must have held it. But this they did not do, but on the contrary, on the "11th of October, 1834, they made an arrangement by which their execution and the property on which it had been levied, was conveyed by Mason Upshaw to the plaintiff, in trust, to securehhe payment of the debt for which the execution had been issued. By this transaction, the lien acquired by the .execution and levy was lost, for liens of this character are stricti juris, and which maybe readily lost by any improper interference on the part of the person to whom they are secured. As between creditors, all are equally favored in law, and though a superior right is given to him who is most diligent, yet he can only preserve that right by a continuance of that diligence. It is lost for instance, by not selling under his older execution, and permitting it to be returned unsatisfied. So it is lost by satisfying his execution, unless it be by .a sale .of the property levied upon.
But in answer to this it is said, that the plaintiff in an execution, if it has not been levied on more property than is sufficient to pay his debt, may by the consent of the parties, receive the same in satisfaction of his debt. This proposition is admitted to be true, but in this caoe the- property was not received in payment of the debt, but transferred to a trustee, and this not by the sheriff in whom was the legal title by virtue of the levy, but by the defendant in the execution. This’casts the plaintiff on the horns of a dilemma. The defendant in the execution, Mason Upshaw, either had a legal 'light to the property to transfer to the trustee, or he had not; he could not have a legal right to the property till the execution, which bound it, had been satisfied, when that was done, *446 eo instante, did the lien of Thomas P. Shelton by virtue of his execution attach thereto, and prevent a transfer of his right to the trustee. If the execution were never satisfied, so as to revest a legal title to the property in Mason Upshaw, then he had none to convey to the trustee, so that quizeunque via data, this suit cannot be maintained.
Judgment affirmed.